# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ANTHONY,<br><br>                Plaintiff,<br><br>          v.<br><br>ANGELO LEE,<br><br>              Defendant. | 1:16-CV-1394-LJO-BAM<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

On September 20, 2016, Defendant Angelo Lee filed a pro se Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of Stanislaus. Doc. 1. For the following reasons, the Court *sua sponte* REMANDS this case to the Superior Court of California for the County of Stanislaus.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can

adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship, a federal question, or where the United States is a party. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Among other things, this means that the defendant always has the burden of establishing that removal is proper. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In determining the presence or absence of federal question jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Defendant is unable to establish federal question jurisdiction because the complaint filed in the state court contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of the state courts. *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases). Therefore, Plaintiff's complaint avoids federal question jurisdiction. A defendant cannot create federal subject matter jurisdiction by adding claims or defenses to a notice of removal. *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

1   anticipated in the plaintiff's complaint.").

2          The next possible basis for this Court's jurisdiction is diversity. District courts have diversity

3   jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,

4   exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens

5   of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens

6   or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of

7   a State or of different States." 28 U.S.C. § 1332; *see also Geographic Expeditions, Inc. v. Estate of*

8   *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Defendant cannot establish diversity of citizenship

9   jurisdiction in this case. The complaint filed in the underlying unlawful detainer action unequivocally

10  states that the amount in controversy is less than $10,000. When a state court complaint affirmatively

11  alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal

12  must prove with "legal certainty" that the jurisdictional amount is met. *Guglielmino v. McKee Foods*

13  *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. CV 15-04358

14  MMM PJWX, 2015 WL 4127912, at \*4 & n. 10 (C.D. Cal. July 7, 2015). Defendant's notice of removal

15  does not provide any basis for a finding that the amount in controversy exceeds the $75,000 threshold.

16  The amount in controversy is determined without regard to any setoff or counterclaim to which

17  defendant may be entitled. *Mesa Indus., Inc. v. Eaglebrook Products, Inc*., 980 F. Supp. 323, 326 (D.

18  Ariz. 1997). Thus, the amount in controversy is insufficient to provide this Court with diversity

19  jurisdiction.

20         Moreover, in removal cases where the purported basis of jurisdiction is diversity jurisdiction,

21  removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally

22  brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

23  Here, Defendant lists his address as 9709 Partridge Court, Oakdale, California, and does not provide any

24  alternative basis for a finding of diverse citizenship.

25         Accordingly, the Court REMANDS this case to the Superior Court for the County of Stanislaus

1  for all future proceedings. Defendant's motion to proceed in forma pauperis (Doc. 3) is DENIED AS

2  MOOT.

3  IT IS SO ORDERED.

4      Dated:   __September 20, 2016__      _____/s/ Lawrence J. O'Neill_____
                                            UNITED STATES CHIEF DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25